COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-100-CR

JOHN KENWORTHY STEVENSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant John Kenworthy Stevenson of DWI–felony repetition, found the habitual offender allegations true, and assessed his punishment at fifty years’ confinement.  The trial court sentenced him accordingly.  In three points, Appellant contends that the evidence is legally and factually insufficient to support the conviction and that the sentence violates the doctrine of proportionality and is therefore cruel and unusual punishment.  Because we hold that the evidence is legally and factually sufficient and that Appellant’s sentence is not disproportionate or cruel and unusual, we affirm the trial court’s judgment.

In his first two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction because the evidence is legally and factually insufficient to show that he was operating a motor vehicle.  He does not otherwise challenge the conviction.

Officer J.D. Collins testified that at around 9:30 p.m. on July 13, 2006, he was at Cici’s Pizza directly south of Kentucky Fried Chicken (KFC) on Beach Street in Fort Worth when he received a report that a older model Dodge pickup had been traveling north on Beach Street and was being driven erratically.  Almost instantaneously, he saw a pickup truck matching the description traveling northbound on Beach Street.  He then saw it enter the KFC parking lot and park in a handicapped spot.  Officer Collins testified that only one person, the driver, was in the cab of the pickup and that he never saw a passenger or anyone else near the vehicle except the driver.  Officer Collins testified that he saw the driver exit the pickup from the driver’s side, walk up the sidewalk, staggering, and go to the front door of the KFC.  The driver pulled on the front door, realized that it was locked, and walked back to the pickup.  Officer Collins testified that the driver tripped and almost fell and was having a hard time walking.  Officer Collins testified that he got a good look at the driver when the driver drove into the KFC lot and when he got out of the pickup.  At court, Officer Collins identified Appellant as the driver and reiterated that he had seen Appellant operating the pickup and that the pickup is a motor vehicle.

To support his first two points, Appellant relies on the absence of evidence from the other witnesses that he was driving the pickup and his own testimony that someone else was driving it.  The jury is the sole judge of the weight and credibility of the evidence.
(footnote: 2)  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the jury.
(footnote: 3)  Accordingly, based on the applicable standard of review,
(footnote: 4) we hold that the evidence is legally sufficient to support Appellant’s conviction.  We overrule his first point.

Similarly, when performing a factual sufficiency review, we may not simply substitute our judgment for the jury’s.
(footnote: 5)  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.”
(footnote: 6)  Thus, we must give due deference to the jury’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”
(footnote: 7)  Accordingly, based on the applicable standard of review,
(footnote: 8) we hold that the evidence is factually sufficient to support the conviction.  We overrule Appellant’s second point.

In his third point, focusing only on the DWI event that generated his arrest in this matter, Appellant contends that his fifty-year sentence violates the doctrine of proportionality and is cruel and unusual punishment.  He has presented nothing to show comparative sentences for felony DWI or why his sentence is disproportionate.  The evidence shows that Appellant had at least six prior DWIs and a handful of other misdemeanor convictions.  Counting his current conviction, his DWI offenses span twenty-seven years.  Appellant has gone to the penitentiary three times for his three prior felony DWI offenses, but his longest stay in the penitentiary before his current sentence was only eighteen months.  Because he had two prior felonies, Appellant faced a range of punishment in this case from twenty-five years to ninety-nine years or life.
(footnote: 9)  Based on all the evidence, we cannot say that Appellant’s sentence is disproportionate or that it amounts to cruel and unusual punishment.  We therefore overrule his third point.

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

CAYCE, C.J. concurs without opinion.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

3:
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

4:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Clayton v. State
, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing legal sufficiency standard of review).

5:
Johnson v. State
, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

6:
Johnson
, 23 S.W.3d at 8.

7:
Id
. at 9.

8:
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson
, 23 S.W.3d at 11 (all providing factual sufficiency standard of review).

9:
See
 
Tex. Penal Code Ann. 
§§ 12.42(d), 49.09(b)(2) (Vernon Supp. 2007).